LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
  *perry.viscounty@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
714.540.1235 / 714.755.8290 (Fax)

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
  *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
  *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA  92130
858.523.5400 / 858.523.5450 (Fax)

Attorneys for Plaintiff
Entrepreneur Media, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> KIZZI NKWOCHA, an individual; MY ENTREPRENEUR MAGAZINE; and DOES 1-10, <br><br> Defendants. | CASE NO.  8:18-cv-01336-AG-ADS <br><br> **APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KIZZI NKWOCHA** <br><br> Judge:       Hon. Andrew J. Guilford <br> Date:        May 6, 2019 <br> Time:        10:00 a.m. <br> Location:  Courtroom 10D |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1

## NOTICE OF APPLICATION AND APPLICATION

2  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE THAT on May 6, 2019 at 10:00 a.m., or as soon

4  thereafter as this matter may be heard before the Honorable Andrew J. Guilford,

5  U.S. District Judge of the Central District of California at 411 West 4th Street,

6  Santa Ana, CA 92701, Courtroom 10D, Plaintiff Entrepreneur Media, Inc. will and

7  hereby does apply, pursuant to Federal Rule of Civil Procedure 55, for a default

8  judgment against Defendant Kizzi Nkwocha.  This Application seeks entry of a

9  permanent injunction and an award of appropriate costs and attorneys' fees.

10  This Application is based on this Notice of Application and Application,

11  Plaintiff's supporting Memorandum of Points and Authorities, the Declaration of

12  Patrick C. Justman in Support of Plaintiff's Application for Default Judgment, all

13  pleadings and papers on file with the Court in this action, and on such other

14  matters as may be presented to the Court at or before the hearing of this

15  Application.

16  Dated:  April 4, 2019

LATHAM & WATKINS LLP

17  By /s/ Patrick C. Justman

18  Patrick C. Justman
Perry J. Viscounty
Jennifer L. Barry

19

20  Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC.

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS .................................................................... 1

III.  ARGUMENT ....................................................................................... 2

    A.    EMI is Entitled to Default Judgment ......................................... 3

        1.    EMI Will Suffer Prejudice Absent Default Judgment ................................................................... 3

        2.    EMI's Claims are Meritorious and Well-Founded ................... 4

            a.    EMI owns Protectable, Distinctive, and Famous Marks ........................................... 4

            b.    Defendant's Unauthorized Use of the MY ENTREPRENEUR MAGAZINE Mark Creates a Likelihood of Consumer Confusion ............................................... 8

        3.    The Damage to the EMI Marks and EMI's Goodwill is Irreparable ............................................... 10

        4.    No Potential Dispute of Material Facts and No Excusable Neglect ....................................................... 11

        5.    Likelihood of a Decision on the Merits ................................ 11

    B.    This Court has Jurisdiction to Enter Default Judgment against Defendant ..................................................................... 11

    C.    EMI is Entitled to Injunctive Relief ......................................... 13

    D.    EMI is Entitled to its Costs and Reasonable Attorneys' Fees ......................................................................................... 16

IV.   CONCLUSION .................................................................................. 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan Inc. v. Mira Life Group, Inc.*,
    72 U.S.P.Q.2d 1756 (C.D. Cal. 2004) ............................................... 14

*AMF, Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir. 1979) ...................................................... 8, 9

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ...................................................... 13

*Cyclone USA, Inc. v. LL&C Dealer Servs., LLC*,
    No. 07-5040, 2010 U.S. Dist. Lexis 51193 (C.D. Cal. May 24,
    2010) ............................................................................. 17

*Discovery Commc'ns, Inc. v. Animal Planet, Inc.*,
    172 F. Supp. 2d 1282 (C.D. Cal. 2001) ....................................... 10, 17

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
    967 F.2d 1280 (9th Cir. 1992) ...................................................... 9

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388 (2006) ............................................................... 14

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) .................................................. 2, 3

*Elektra Entm't Grp. Inc. v. Crawford*,
    226 F.R.D. 388 (C.D. Cal. 2005) ................................................. 11

*Entrepreneur Media, Inc. v. Darren Casey*,
    No. 18-cv-01058-JLS-AGR, Docket No. 20 (C.D. Cal., December
    20, 2018) .......................................................................... 7

*Entrepreneur Media, Inc. v. Entrepreneurs Opportunities, LLC*,
    No. 17-cv-01341-JVS-KES, Docket No. 20 (C.D. Cal., Jan. 14,
    2018) .............................................................................. 7

*Entrepreneur Media, Inc. v. Eric M. Dye, et al.*,
    No. 18-cv-0341-DOC, Docket No. 22 (C.D. Cal., Sept. 11, 2018) .................... 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

ii

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

*Entrepreneur Media, Inc. v. The Innovation Initiative, et al*,
No. 17-cv-2261-JVS-KES, Docket No. 23 (C.D. Cal., August 2,
2018) ............................................................................................... 7

*Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al*,
958 F. Supp. 2d 588 (D. Md. 2013) ............................................ 8

*Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al.*,
No. RDB-12-1970, Docket No. 30 (D. Md. July 23, 2013) ............... 8

*Entrepreneur Media, Inc. v. seattleentrepreneur.com*,
No. 11-00409, 2011 U.S. Dist. Lexis 139817 (E.D. Va. Dec. 6,
2011) ............................................................................................... 8

*Entrepreneur Media, Inc. v. Smith*,
101 Fed. Appx. 212 (9th Cir. 2004) ............................................. 6

*Entrepreneur Media, Inc. v. Smith*,
No. 98-3607, 2004 U.S. Dist. Lexis 24078 (C.D. Cal. June 23,
2004) ............................................................................................... 6

*Entrepreneur Media, Inc. v. Spencer et al.*,
No. 1:17-cv-01637-RBJ, Docket No. 20 ...................................... 7

*Entrepreneur Media, Inc. v. Whitehill, et al.*,
No. 13-cv-01819, Dkt. No. 19 (D. Conn. Aug. 19, 2015) ................. 7

*Exobox Techs. Corp. v. Tsambis*,
No. 14-00501, 2015 U.S. Dist. Lexis 2157 (D. Nev. Jan. 6, 2015) .......... 13

*Facebook, Inc. v. Banana Ads LLC*,
No. 11-03619, 2013 U.S. Dist. Lexis 65834 (N.D. Cal. Apr. 30,
2013) ............................................................................................... 12

*Geddes v. United Financial Group*,
559 F.2d 557 (9th Cir. 1977) ............................................... 4, 8

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) .................................................. 10

*Inc. v. Naturemarket, Inc.*,
694 F. Supp. 2d 1039 (N.D. Cal. 2010) ..................................... 13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

*Inc. v. RealWorks*,
    No. 08-5072, 2009 U.S. Dist. Lexis 132432 (N.D. Cal. Oct. 29, 2009) ............................................................................................... 14

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*,
    762 F.3d 867 (9th Cir. 2014) ................................................................. 9

*Network Automation, Inc. v. Advanced Sys. Concepts*,
    638 F.3d 1137 (9th Cir. 2011) ........................................................... 4, 9

*Nexon Am., Inc. v. Kumar*,
    No. 11-6991, 2012 U.S. Dist. Lexis 47294 (C.D. Cal. Apr. 3, 2012) ................. 2

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ............................................................ 12

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 431 (C.D. Cal. 1999) .......................................................... 3

*PepsiCo, Inc. v. Cal. Security Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) .................................................. 3

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ................................................. 3, 11, 14

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ............................................................ 13

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................ 17

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .............................................................. 12

*Sennheiser Electronic Corp v. Eichler*,
    No. 12-10809, 2013 U.S. Dist. Lexis 105319 (C.D. Cal. 2013) ..................... 10

*Surfvivor Media, Inc. v. Survivor Prods.*,
    406 F.3d 625 (9th Cir. 2005) .............................................................. 10

*Taylor Made Golf Co. v. Carsten Sports*,
    175 F.R.D. 658 (S.D. Cal. 1997) ......................................................... 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iv

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ................................................................. 2

*Truong Giang Corp. v. Twinstar Tea Corp.*,
   No. 06-3594, 2007 U.S. Dist. Lexis 100237 (N.D. Cal. Mar. 22,
   2007) ................................................................................................. 4, 10

**Statutes**

15 U.S.C. § 1114(1) ......................................................................... 4

15 U.S.C. § 1115(a) ......................................................................... 4

15 U.S.C. § 1115(b) ......................................................................... 4

15 U.S.C. § 1116(a) ....................................................................... 13

15 U.S.C. § 1117(a) ................................................................. 16, 17

15 U.S.C. § 1125(a) ......................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 8(b)(6) .................................................................... 2

Fed. R. Civ. P. 12(a) ....................................................................... 1

Fed. R. Civ. P. 54(c) ..................................................................... 14

Fed. R. Civ. P. 54(d)(1) ................................................................ 16

Fed. R. Civ. P. 55 ........................................................................... 2

Fed. R. Civ. P. 55(a)-(b) ................................................................ 2

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

v

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

By this Application and based on the allegations of its well-pled Complaint, EMI respectfully requests judgment against defendant Kizzi Nkwocha[1] ("Defendant") that, *inter alia*: (1) prohibits Defendant's continued use of the infringing MY ENTREPRENEUR MAGAZINE mark or any confusingly similar mark; (2) transfers the *myentrepreneurmagazine.com* domain from Defendant to EMI; and (3) awards EMI its costs and reasonable attorneys' fees.  EMI is entitled to such relief because Defendant has failed to respond to this litigation or file a responsive pleading as required by Fed. R. Civ. P. 12(a), the Court entered default against Defendant on March 18, 2019, and EMI's claims are meritorious.

## II.   STATEMENT OF FACTS

EMI has numerous longstanding federal registrations for the ENTREPRENEUR® mark and various trademarks that include the ENTREPRENEUR® term, including its incontestable registrations for the ENTREPRENEUR® mark, and it has acquired significant common law rights in these marks.  Dkt. #1 ("Compl.") at ¶¶ 28-34.

Defendant, under the confusingly similar MY ENTREPRENEUR MAGAZINE mark, offers highly similar goods and services to the same class of consumers served by EMI; specifically, individuals, business owners, and "key decision makers."  *Id.* at ¶¶ 38-39.

EMI has contacted Defendant several times to express its concerns about Defendant's use of the MY ENTREPRENEUR MAGAZINE mark, but Defendant has refused to cease use of the infringing mark.  *Id.* at ¶ 44; Declaration of Patrick C. Justman in Support of Plaintiff's Application for Default Judgment ("Justman

---

[1] EMI has previously dismissed without prejudice the claims against defendant My Entrepreneur Magazine (Dkt. 17) and simultaneously submits a notice of dismissal without prejudice for Doe Defendants.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

Dec.") at ¶ 3.

Accordingly, EMI filed its Complaint on August 1, 2018 for trademark infringement, false designation of origin, and unfair competition.  Dkt. #1. On August 10, 2018, Defendant was duly served with the Complaint and related documents.  Dkt. #10.

Defendant failed to file a responsive pleading by the August 31, 2018 response deadline, and Defendant has failed to file any responsive pleading to date. Justman Dec. ¶ 6.  EMI accordingly secured the entry of default against Defendant on March 18, 2019.  Dkt. #16 and #23; Justman Dec. ¶ 7.

## III.   ARGUMENT

The Court should enter a default judgment barring Defendant from using the ENTREPRENEUR® mark, the MY ENTREPRENEUR MAGAZINE mark, or any confusingly similar mark to prevent potential confusion among consumers, vindicate EMI's federal trademark rights, and halt Defendant's ongoing infringement of these rights, which will otherwise continue unabated.  Federal Rule of Civil Procedure 55 establishes a two-step process for entering a default judgment consisting of:  (1) entry of default, and (2) entry of default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting "the two-step process required by Rule 55").  "Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true."  *Nexon Am., Inc. v. Kumar,* No. 11-6991, 2012 U.S. Dist. Lexis 47294, at *6 (C.D. Cal. Apr. 3, 2012); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (same); Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.").  Here, step one of the process is complete, as the Clerk has entered Defendant's default.   EMI is therefore entitled to the entry of default judgment, because the well-pled factual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1   allegations in the Complaint establish Defendant's liability, as fully discussed

2   below.

3       **A.**   **EMI is Entitled to Default Judgment**

4         The decision to grant or deny an application for default judgment is within

5   the Court's discretion.  *PepsiCo v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D.

6   Cal. 1999).  "In applying th[e] discretionary standard, default judgments are more

7   often granted than denied."  *Id.*  Courts are guided by the following factors when

8   determining whether to grant default judgment:  (1) the possibility of prejudice to

9   the plaintiff, (2) the merits of plaintiff's substantive claim and the sufficiency of

10  the complaint, (3) the sum of money at stake in the action, (4) the possibility of a

11  dispute concerning material facts and whether the default was due to excusable

12  neglect, and (5) the likelihood of obtaining a decisions on the merits, which is

13  favored.  *Eitel*, 782 F.2d at 1471-72.  Here, the enumerated factors weigh heavily

14  in favor of granting default judgment and awarding the requested relief.

15         1.   EMI Will Suffer Prejudice Absent Default Judgment

16        EMI will be prejudiced without the entry of a default judgment, because it

17  will have no other recourse to stop Defendant's infringing activities and the

18  resulting harm to the EMI Marks[2] and goodwill associated with these marks.  *See,*

19  *e.g., PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal.

20  2002) ("[p]otential prejudice to Plaintiffs favors granting a default judgment"

21  where denying the requested default judgment would leave Plaintiffs "without

22  other recourse for recovery"); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*,

23  219 F.R.D. 494, 499 (C.D. Cal. 2003) ("Plaintiff would suffer prejudice if the

24  default judgment is not entered because Plaintiff would be without other recourse

25  for recovery [and] . . . Plaintiff will likely suffer great prejudice through the loss of

26  

27  _____

28  [2] The "EMI Marks" are EMI's various registrations which include the word
     "Entrepreneur," including, but not limited to, Reg. Nos. 1435968, 2263883,
     2502032, 4260948, and 4345424.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1   sales and diminution of goodwill if default is not entered.").

2          2.      EMI's Claims are Meritorious and Well-Founded

3          In evaluating the merits of the claims stated in the complaint, courts must

4   accept plaintiff's allegations, except for those pertaining to damages, as true.

5   *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  To prevail

6   on trademark infringement, unfair competition, and false designation of origin

7   claims under 15 U.S.C. §§ 1114(1), 1125(a) and California's common law, EMI

8   must prove that:  (1) EMI has legally protectable trademarks; and (2) Defendant's

9   unauthorized use of those marks is "likely to cause consumer confusion."  *Network*

10  *Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011);

11  *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-3594, 2007 U.S. Dist. Lexis

12  100237, at *10 (N.D. Cal. Mar. 22, 2007) ("[T]he federal claims [of trademark

13  infringement and false designation of origin under the Lanham Act], if met with

14  adequate evidence, are also sufficient to establish defendant's liability under the

15  state law claims for unfair competition and trademark infringement") (citing

16  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)).  Here, EMI has

17  alleged legitimate claims against Defendant for trademark infringement, unfair

18  competition, and false designation of origin.

19              *a.      EMI owns Protectable, Distinctive, and Famous*
                        *Marks*
20

21         As a preliminary matter, EMI's federal registrations constitute prima facie

22  evidence of the validity of the EMI Marks, including the ENTREPRENEUR®

23  mark.  Compl. at ¶¶ 31-34; 15 U.S.C. § 1115(a).  Several of EMI's registrations for

24  the ENTREPRENEUR® mark have also become incontestable, which constitutes

25  "conclusive evidence" of the validity of those registered marks, EMI's ownership

26  of those marks, and EMI's "exclusive right to use the registered mark[s] in

27  commerce."  Compl. at ¶¶ 31-33; 15 U.S.C. § 1115(b).

28         Beyond its registrations, EMI has developed substantial common law rights

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

4

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

in the EMI Marks, including the ENTREPRENEUR® mark, by garnering tremendous amounts of public recognition and acclaim for its products and services, establishing an outstanding reputation within the business community, and accumulating an extremely loyal customer base.  Compl. at ¶¶ 14-30, 35-36.  As a result, the ENTREPRENEUR® mark has acquired extensive goodwill, developed a high degree of distinctiveness, and become famous, well known, and recognized as identifying goods and services that originate from EMI.  *Id.* at ¶¶ 14-30, 35-36.

More specifically, EMI and its predecessor companies have used the ENTREPRENEUR® mark for over 40 years to publish magazines and books that provide editorial content and other information, and offer products and services related or of interest to businesses, business owners, and prospective business owners.  *Id.* at ¶¶ 14-15.  The *ENTREPRENEUR®* magazine has a paid circulation, including both subscriptions and newsstand sales, of more than 517,500 in the United States, it is sold and distributed in over 100 foreign countries, and it regularly features articles with the biggest names in the entrepreneurial industry.  *Id.* at ¶¶ 16-18.  EMI has also published over 200 books (and multiple e-books) under the ENTREPRENEUR® and ENTREPRENEUR PRESS marks, and it has conducted numerous seminars, workshops, and other educational events, many of which are sponsored by household names, such as American Airlines, Canon USA, and The Lincoln Motor Company.  *Id.* at ¶¶ 19-20.

EMI also owns and operates several websites, such as *entrepreneur.com*, to promote its goods and services.  *Id.* at ¶ 21.  The *entrepreneur.com* website has averaged over thirteen million unique visitors and over thirty-three million page views per month.  *Id.* at ¶ 22.  EMI has also launched apps for iPhones, iPads, and Android.  *Id.* at ¶ 23.  EMI offers a variety of podcasts, including a podcast offered through *entrepreneur.com,* and a podcast under the ENTREPRENEUR mark on iTunes, as well as other outlets.  Compl. at ¶ 24.

LATHAM&WATKINS™
ATTORNEYS AT LAW
ORANGE COUNTY

5

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

Further, EMI's fame and high-quality content and services have resulted in numerous co-branding business relationships with the top names in sports, news, and business, such as The NFL Players Association, General Motors, Princeton Review, CNBC, and Business Insider.  *Id.* at ¶ 25.  Therefore, EMI not only owns valid marks, but the EMI Marks, including the ENTREPRENEUR® mark, have acquired extensive goodwill, developed a high degree of distinctiveness, and become famous, well known, and recognized as identifying goods and services that originate from EMI.  *Id.* at ¶¶ 14-36.

Indeed, numerous courts have already recognized the validity and strength of the EMI Marks, including the ENTREPRENEUR® mark.  *Id.* at ¶ 37.  The U.S. District Court for the Central District of California held that:  (1) "[t]he extensive advertising and public recognition over the past 25 years have established [the ENTREPRENEUR® mark] as a strong mark in the industry;" (2) the ENTREPRENEUR® mark "is a strong distinctive mark, deserving of significant protection;" and (3) the ENTREPRENEUR® mark "has acquired secondary meaning."  *Entrepreneur Media, Inc. v. Smith*, No. 98-3607, 2004 U.S. Dist. Lexis 24078, at *9-10, 13 (C.D. Cal. June 23, 2004); Compl. at ¶ 37.  The Ninth Circuit reviewed the District Court's findings and affirmed them on appeal.  *Entrepreneur Media, Inc. v. Smith*, 101 Fed. Appx. 212 (9th Cir. 2004); Compl. at ¶ 37.

Similarly, the U.S. District Court for the Central District of California recently adopted the holding of the district court in the Smith case, and once again found that "the mark ENTREPRENEUR is strong distinctive mark, deserving of significant protection" and that "EMI's ENTREPRENEUR mark is a strong mark" that was infringed by defendant's ENTREPRENEUR PODCAST mark. *See Entrepreneur Media, Inc. v. Eric M. Dye, et al.*, No. 18-cv-0341-DOC (PLAx), Docket No. 22 (C.D. Cal., Sept. 11, 2018); Compl. at ¶ 37.  The U.S. District Court for the Central District of California has twice held that "the ENTREPRENEUR Mark and EMI's related marks have developed a high degree of distinctiveness and

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

6

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1   become well-known and recognized as identifying goods and services that

2   originate from EMI." *Entrepreneur Media, Inc. v. Entrepreneurs Opportunities,*

3   *LLC*, No. 17-cv-01341-JVS-KES, Docket No. 20 (C.D. Cal., Jan. 14, 2018);

4   *Entrepreneur Media, Inc. v. The Innovation Initiative, et al*, No. 17-cv-2261-JVS-

5   KES, Docket No. 23 (C.D. Cal., August 2, 2018) (finding the same); *see also*

6   *Entrepreneur Media, Inc. v. Darren Casey*, No. 18-cv-01058-JLS-AGR, Docket

7   No. 20 (C.D. Cal., December 20, 2018) (recognizing that EMI's marks are

8   protectable and have been used for over forty years).  These courts also held that

9   EMI's rights were violated by, respectively, the ENTREPRENEUR

10   OPPORTUNITIES mark, the ENTREPRENEUR TV mark, and the FIT

11   ENTREPRENEUR MAGAZINE mark.  Compl. at ¶ 37.

12       The U.S. District Court for the District of Colorado held that "the EMI

13   Marks, and in particular the ENTREPRENEUR® mark, have acquired extensive

14   goodwill, developed a high degree of distinctiveness and secondary meaning, and

15   become well known, famous, and recognized as identifying goods and services that

16   originate from EMI, such that they are deserving of strong protection."

17   *Entrepreneur Media, Inc. v. Spencer et al.*, No. 1:17-cv-01637-RBJ, Docket No.

18   20, at pg. 8 (D. Colo. Dec. 15, 2017) (also finding that EMI's rights were violated

19   by the ENTREPRENEUR SUPPORT mark); Compl. at ¶ 37.

20       The U.S. District Court for the District of Connecticut recognized that "the

21   EMI Marks, and in particular the ENTREPRENEUR Mark, have acquired

22   extensive goodwill, developed a high degree of distinctiveness and secondary

23   meaning, and become well known and recognized as identifying goods and

24   services that originate from EMI, such that they are deserving of strong

25   protection." *Entrepreneur Media, Inc. v. Whitehill, et al.*, No. 13-cv-01819, Dkt.

26   No. 19 (D. Conn. Aug. 19, 2015) (also finding that EMI's rights were violated by

27   the ENTREPRENEUR WEEK mark); Compl. at ¶ 37.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

The U.S. District Court for the District of Maryland has twice recognized the EMI Marks as valid, strong, and distinctive.  *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC, et al.*, No. RDB-12-1970, Docket No. 30 (D. Md. July 23, 2013); *id.*, Docket No. 47 (Apr. 7, 2014) (also finding that EMI's rights were violated by the ENTREPRENEURS EDGE mark); Compl. at ¶ 37.

Both a Magistrate Judge and District Court judge in the Eastern District of Virginia found the ENTREPRENEUR® mark to be distinctive, and the U.S. District Court for the District of Maryland recognized the EMI Marks as valid, strong, and distinctive.  *Entrepreneur Media, Inc. v. seattleentrepreneur.com*, No. 11-00409, 2011 U.S. Dist. Lexis 139817, at *3-5 (E.D. Va. Dec. 6, 2011); *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, *et al*, 958 F. Supp. 2d 588, 594-596 (D. Md. 2013) (also finding that EMI's rights were violated by the registration of *seattleentrepreneur.com* and *austinentrepreneur.com* domain names); Compl. at ¶ 37.

**b.    *Defendant's Unauthorized Use of the MY ENTREPRENEUR MAGAZINE Mark Creates a Likelihood of Consumer Confusion***

Defendant has used a confusingly similar mark, MY ENTREPRENEUR MAGAZINE, in commerce and without EMI's authorization in connection with identical and highly similar goods and services, which has or will likely result in consumer confusion.  Compl. at ¶¶38-42.  Defendant has admitted these facts are true by not denying them in a responsive pleading.  *Geddes*, 559 F.2d at 560.

Defendant's MY ENTREPRENEUR MAGAZINE mark is likely to cause consumer confusion with the EMI marks for several reasons.  In analyzing whether there is a likelihood of consumer confusion, courts consider the well-known, non-exclusive *Sleekcraft* factors: (1) strength of the mark; (2) similarity of the marks; (3) proximity of the goods; (4) marketing channels used; (5) type of goods and degree of care likely to be exercised by the purchaser; (6) defendant's intent in selecting the mark; (7) evidence of actual confusion; and (8) likelihood of

LATHAM&WATKINS™
ATTORNEYS AT LAW
ORANGE COUNTY

8

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1   expansion of the product lines.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353

2   (9th Cir. 1979); *see also Network Automation*, 638 F.3d at 1145 (these factors "are

3   intended as an adaptable proxy for consumer confusion, not a rote checklist.").

4   A weighing of the relevant factors reveals a high likelihood of confusion.

5        *First*, the EMI Marks, as discussed above, are strong and distinctive marks.

6        *Second*, the ENTREPRENEUR® and MY ENTREPRENEUR MAGAZINE

7   marks are nearly identical as they both share the leading and dominant

8   "ENTREPRENEUR" term and the descriptive and non-source identifying "MY"

9   and "MAGAZINE" terms do little to distinguish the marks.  *See La Quinta*

10  *Worldwide LLC v. Q.R.T.M., S.A. de C.V.,* 762 F.3d 867, 876 (9th Cir. 2014)

11  (finding that the similarity of the marks factor weighed in favor of plaintiff because

12  both marks shared the dominant word Quinta, and noting that the "dominant words

13  frequently appear without anything more in the marketplace.  Where both marks

14  are attached to such closely related services and the senior user has a strong mark,

15  the similarity of the words is sufficient for [the similarity of the marks] factor to

16  weigh in favor of [the plaintiff]."); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967

17  F.2d 1280, 1292 (9th Cir. 1992) (relying on the dominant "GALLO" element when

18  finding a likelihood of confusion).  Indeed, Defendant displays the MY

19  ENTREPRENEUR MAGAZINE mark in a manner that emphasizes the

20  "ENTREPRENEUR" term, as shown below.  Compl. at ¶ 38.  This further

21  increases the similarity of these nearly identical marks.

22



23

24

25       *Third*, EMI and Defendant offer identical goods and services

26  (*e.g.,* magazines, informational articles, books, and advice) and closely related

27  goods and services under these essentially identical marks to the same class of

28  consumers (*e.g.,* individuals, small business owners and professionals).  Compl. at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1  ¶¶ 14, 38-42.

2  **Fourth**, EMI and Defendant offer these goods through the same or similar

3  marketing channels (*i.e.,* the Internet).  *Id.* at ¶¶ 21, 35, 41-42.

4  **Fifth**, as alleged in the Complaint (which is accepted as true), Defendant has

5  intentionally, knowingly, deliberately, and willfully used its MY

6  ENTREPRENEUR MAGAZINE mark to violate EMI's trademark rights and trade

7  off EMI's goodwill and reputation and have refused to cease this infringement.

8  Compl. at ¶¶ 45, 47, 54, 65.

9  Therefore, the Court should find Defendant liable for trademark

10  infringement, unfair competition, and false designation of origin in violation of the

11  Lanham Act and California common law.[3]

12  3.  The Damage to the EMI Marks and EMI's Goodwill is

13  Irreparable

14  Defendant has continued to engage in willful and intentional infringement of

15  the EMI Marks despite EMI's best efforts to halt this infringement.  Compl. at

16  ¶¶ 40-44.  Defendant's infringement has caused, and will likely continue to cause,

17  irreparable harm to EMI.  *See id.*; *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.,*

18  *Inc*., 736 F.3d 1239, 1249 (9th Cir. 2013) ("Evidence of loss of control over

19  business reputation and damage to goodwill could constitute irreparable harm.");

20  *Sennheiser Electronic Corp v. Eichler*, No. 12-10809, 2013 U.S. Dist. Lexis

21  105319, at *10 (C.D. Cal. 2013) (explaining that continued trademark infringement

22  that otherwise damages "goodwill and business reputation [] will often constitute

23  irreparable injury").  The gravity of Defendant's misconduct and the resulting

24

25  [3] The remaining factors are either unimportant at this early stage in litigation or
cannot be evaluated due to Defendant's failure to participate in this litigation.  *See*
26  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 631 (9th Cir. 2005);
*Truong*, 2007 U.S. Dist. Lexis 100237, at *26; *Discovery Commc'ns, Inc. v.*
27  *Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1291-92 (C.D. Cal. 2001) (noting that
"because of the difficulty [of] garnering such evidence, the failure to prove
28  instances of actual confusion is not dispositive.")

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1    harm to EMI therefore justify entry of a default judgment.

2             4.    <u>No Potential Dispute of Material Facts and No Excusable</u>

3                <u>Neglect</u>

4       As Defendant has failed to answer the Complaint, thereby defaulting, there

5    is no dispute about the material facts of this case because all allegations of the

6    Complaint, except for those pertaining to damages, are taken as true. *See*, *e.g.*,

7    *Philip Morris*, 219 F.R.D. at 500 ("Here, Plaintiff filed a well-pleaded complaint

8    alleging the facts necessary to establish its claims, and the court clerk entered

9    default against the Defendant. Thus, no dispute has been raised regarding the

10   material averments of the complaint").

11       There is no evidence of excusable neglect in the record. Indeed, EMI

12   properly served Defendant with all necessary court documents, and Defendant has

13   still failed to appear in this action. *See* Dkt. No. 15; Justman Dec. ¶¶ 5-6.

14             5.    <u>Likelihood of a Decision on the Merits</u>

15       Finally, while cases should be decided on the merits whenever possible,

16   Defendant's failure to defend this action has made a decision on the merits

17   impractical, if not impossible. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D.

18   388, 392 (C.D. Cal. 2005). Thus, "termination of a case before hearing the merits

19   is allowed when[] a defendant fails to defend an action" and default judgment

20   should be granted. *Id.*

21     **B.**    **<u>This Court has Jurisdiction to Enter Default Judgment against</u>**

22         **<u>Defendant</u>**

23       Defendant has sufficient contacts with the Central District of California

24   arising out of and related to its offering, marketing, and promoting of goods and

25   services under the MY ENTREPRENEUR MAGAZINE mark to California

26   consumers, all to the detriment of a California company. Compl. at ¶¶ 2-4, 9, 12,

27   40, 62. Courts apply a three-prong test when analyzing specific jurisdiction:

28   "(1) The non-resident defendant must purposefully direct his activities or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1   consummate some transaction with the forum or resident thereof; or perform some

2   act by which he purposefully avails himself of the privilege of conducting

3   activities in the forum, thereby invoking the benefits and protections of its laws;

4   (2) the claim must be one which arises out of or relates to the defendant's forum-

5   related activities; and (3) the exercise of jurisdiction must comport with fair play

6   and substantial justice, *i.e.* it must be reasonable." *Schwarzenegger v. Fred Martin*

7   *Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

8       ***First***, Defendant has purposefully directed its activities at California and

9   availed itself of the privileges of conducting business in California.  Compl. at

10  ¶¶ 3-4, 12, 40.  In particular, Defendant offers, markets, and promotes its goods

11  and services under the MY ENTREPRENEUR MAGAZINE mark to California

12  consumers by highlighting in their "Press Kits" that a plurality of MY

13  ENTREPRENEUR MAGAZINE readers are from the United States, including

14  readers from within California.  *Id* at ¶ 40.  Therefore, Defendant has purposefully

15  interacted with various California businesses and consumers and availed itself of

16  the privileges of conducting business in California.  *See Facebook, Inc. v. Banana*

17  *Ads LLC*, No. 11-03619, 2013 U.S. Dist. Lexis 65834, at *4 (N.D. Cal. Apr. 30,

18  2013) ("In sum, the Default Defendants made money by confusing Facebook users,

19  including users in California, and capitalizing on this confusion—some of which

20  was based on defendants' misuse of Facebook's marks, typesetting, and color

21  scheme. This constitutes aiming their conduct at Facebook and this forum."); *see*

22  *also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)

23  ("operation of an interactive, commercial website is often sufficient" to establish

24  personal jurisdiction).

25      ***Second***, EMI's claims directly arise from Defendant's activities in the State

26  of California, namely the offering, marketing, and promoting of goods and services

27  under the unauthorized and confusingly similar MY ENTREPRENEUR

28  MAGAZINE mark to, *inter alia*, California residents, all of which directly harmed

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

EMI, a California-based company. *See* Compl. at ¶¶ 2-4, 9, 12, 40, 63; *Exobox Techs. Corp. v. Tsambis*, No. 14-00501, 2015 U.S. Dist. Lexis 2157, at *10 (D. Nev. Jan. 6, 2015) (finding that a party expressly aims wrongful conduct at a particular state when it knows the victim of such conduct is a resident of said state); *craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053 (N.D. Cal. 2010) ("Because Plaintiff is headquartered in California and maintains its website in California, Defendants' actions directly targeted California, and Defendants knew that Plaintiff would suffer the brunt of its harm in California.").

**Third**, Defendant has not overcome its burden to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *See Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (noting if the plaintiff succeeds in satisfying the first two prongs "the burden shifts to the defendant to 'set forth a "compelling case" that the exercise of jurisdiction would not be reasonable.'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Rather, the exercise of jurisdiction is reasonable here as Defendant could likely foresee litigation in California given its substantial interactions with the State and businesses and consumers within the State. Compl. at ¶¶ 2-4, 9, 12, 40, 63; *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066 (9th Cir. 2011) (finding the exercise of jurisdiction reasonable where out of state defendant purposefully directed its actions at California).

Therefore, the Court has specific jurisdiction over Defendant and may properly enter a default judgment against Defendant.

## C.    EMI is Entitled to Injunctive Relief

Section 34 of the Lanham Act empowers courts "to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1    Furthermore, "it is appropriate to grant an injunction on an application for default

2    judgment" if the requested relief is consistent with the demands of the Complaint.

3    *craigslist, Inc. v. RealWorks*, No. 08-5072, 2009 U.S. Dist. Lexis 132432, at *8-9

4    (N.D. Cal. Oct. 29, 2009); *see also* Fed. R. Civ. P. 54(c) ("A default judgment

5    must not differ in kind from, or exceed in amount, what is demanded in the

6    pleadings.").  Permanent injunctive relief is appropriate when (1) the plaintiff risks

7    suffering irreparable harm; (2) monetary remedies are inadequate to compensate

8    for the plaintiff's injury; (3) the balance of hardships favors the plaintiff; and

9    (4) the public interest would not be disserved by an injunction.  *eBay Inc. v.*

10   *MercExchange, LLC*, 547 U.S. 388, 391 (2006).

11        The Court should grant permanent injunctive relief as requested in the

12   Complaint, because all factors strongly favor EMI.  As a preliminary matter, EMI

13   fully and adequately pled the grounds for, and its entitlement to, a permanent

14   injunction against Defendant in the Complaint.  The injunctive relief requested

15   below is substantially identical to the injunctive relief contained in the Complaint's

16   Prayer for Relief.  Compl. at 28-31.  As for the equitable factors:  (1) EMI will lose

17   control over the reputation of its trademark, suffering continuing irreparable harm

18   if the injunction is not granted; (2) injunctive relief is necessary to halt Defendant's

19   continued infringement of EMI's valuable trademark rights; (3) the injunction will

20   only prevent Defendant from engaging in unlawful behavior; (4) EMI will have no

21   other recourse against Defendant if an injunction is not granted; and

22   (5) the injunction will protect EMI's valuable goodwill and the public from

23   confusion.  Compl. at ¶¶ 57-58; *see Allergan Inc. v. Mira Life Group, Inc.,* 72

24   U.S.P.Q.2d 1756, 1760 (C.D. Cal. 2004); *see also Philip Morris*, 219 F.R.D. at 502

25   ("Failure to grant the injunction would needlessly expose the Plaintiff to the risk of

26   continuing irreparable harm").

27        Accordingly, EMI requests that the following permanent injunction be

28   entered:

LATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
ORANGE COUNTY

14

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1          A.     An injunction ordering Defendant, and its officers,
2   directors, members, agents, servants, employees, and attorneys, and
3   all other persons acting in concert or participating with them (the
4   "Enjoined Parties"), who receive actual notice of the injunction order
5   by personal or other service, to:

6      i.    cease all use and never use the MY ENTREPRENEUR
7          MAGAZINE mark, the EMI Marks, or any other mark likely to
8          cause confusion with the EMI Marks, in connection with the
9          promotion, advertising, offering for sale, or sale, of any
10        products or services, including on the Enjoined Parties' social
11        media accounts (*i.e.,* https://www.twitter.com/myentmag and
12        https://www.linkedin.com/company/7150011);

13    ii.   never use any false designation of origin, false representation,
14          or any false or misleading description of fact, that can, or is
15          likely to, lead the consuming public or individual members
16          thereof, to believe that any products or services produced,
17          offered, promoted, marketed, advertised, provided, or sold by
18          the Enjoined Parties is in any manner associated or connected
19          with EMI, or are licensed, approved, or authorized in any way
20          by EMI;

21    iii.   never represent, suggest in any fashion to any third party, or
22          perform any act that may give rise to the belief, that the
23          Enjoined Parties, or any of their goods or services, are related
24          to, authorized, or sponsored by EMI;

25    iv.   cease all use of the Social Media Accounts and any similar
26          accounts or social media websites, and never register any social
27          media account that contains the MY ENTREPRENEUR

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1     MAGAZINE mark, any of the EMI Marks, or any other social

2     media account confusingly similar to any of the EMI Marks;

3     v.    transfer to EMI all of the Enjoined Parties' Social Media

4     Accounts used to promote the MY ENTREPRENEUR

5     MAGAZINE mark, including all such accounts in the Enjoined

6     Parties' possession, custody, or control that include the word

7     "entrepreneur" or any misspelling thereof, or are otherwise

8     confusingly similar to or contain any of the EMI Marks;

9     vi.    transfer to EMI all domain names in the Enjoined Parties'

10     possession, custody, or control that include the word

11     "entrepreneur" or any misspelling thereof, or are otherwise

12     confusingly similar to or contain any of the EMI Marks, or

13     were used in connection with the MY ENTREPRENEUR

14     MAGAZINE mark, including but not limited to the

15     *myentrepreneurmagazine.com* domain name;

16     vii.    never unfairly compete with EMI in any manner whatsoever, or

17     engage in any unfair, fraudulent, or deceptive business practices

18     that relate in any way to the production, distribution, marketing,

19     and/or sale of products and services bearing any of the EMI

20     Marks; and

21     viii.    never apply for or seek to register any mark that is likely to

22     cause confusion with any of the EMI Marks.

23     **D.**    **EMI is Entitled to its Costs and Reasonable Attorneys' Fees**

24     EMI is entitled to its costs as the prevailing party.  15 U.S.C. § 1117(a); Fed.

25     R. Civ. P. 54(d)(1) ("[u]nless a federal statute, these rules, or a court order provides

26     otherwise, costs . . . should be allowed to the prevailing party." ).

27     EMI is also entitled to recover its reasonable attorneys' fees, because:

28     (1) the Complaint, which is accepted as true, alleged that this was an exceptional

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

16

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA

1  case due to Defendant's intentional and willful misconduct; and (2) Defendant

2  failed to appear and has disregarded this litigation.  Compl. at ¶¶ 59-60; 15 U.S.C.

3  § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to

4  the prevailing party."); *see, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d

5  1007, 1023 (9th Cir. 2002) (upholding an award of attorney's fees solely because,

6  "by entry of default judgment, the district court determined, as alleged in

7  [plaintiff's] complaint, that [defendants] acts were committed knowingly,

8  maliciously, and oppressively, and with an intent to . . . injure [plaintiffs].");

9  *Cyclone USA, Inc. v. LL&C Dealer Servs., LLC*, No. 07-5040, 2010 U.S. Dist.

10 Lexis 51193, at *10 (C.D. Cal. May 24, 2010) (awarding attorney fees for willful

11 and deliberate trademark infringement); *Discovery Commc'ns*, 172 F. Supp. 2d at

12 1291-1292 ("a case may be considered exceptional where the defendants disregard

13 the proceedings and do not appear."); *Taylor Made Golf Co. v. Carsten Sports*, 175

14 F.R.D. 658, 663 (S.D. Cal. 1997) ("because the defendant has failed to appear,

15 plaintiff may request an award of reasonable attorney fees").

16    If the Court determines that an award of costs and/or reasonable attorneys'

17 fees is appropriate in this case, EMI will submit a motion in compliance with Local

18 Rule 54.

19 **IV.   CONCLUSION**

20    For the foregoing reasons, EMI respectfully requests that the Court enter

21 default judgment against Defendant in the form of the attached Proposed Order.

22 Dated:  April 4, 2019            Respectfully submitted,

23

24                                 LATHAM & WATKINS LLP

25                                 By /s/ *Patrick C. Justman*
                                      Patrick C. Justman
                                      Perry J. Viscounty
26                                    Jennifer L. Barry

27                                 Attorneys for Plaintiff
                                   ENTREPRENEUR MEDIA, INC.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

Case No. 8:18-cv-01336-AG-ADS
APPLICATION FOR DEFAULT
JUDGMENT AGAINST KIZZI NKWOCHA